UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK WHITE SR., | ) | CIVIL ACTION NO. 1:20-CV-21 |
| Plaintiff | ) | |
| | ) | (WILSON, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| SP PLUS CORP., | ) | |
| Defendant | ) | |

REPORT & RECOMMENDATION

I.   INTRODUCTION

On January 6, 2020, Derrick White Sr. ("Plaintiff") initiated this *pro se* employment discrimination case against his former employer, SP Plus Corporation. Plaintiff was granted leave to proceed *in forma pauperis*, and his Original Complaint—in which he appeared to allege a claim of retaliation under the Family Medical Leave Act—was screened pursuant to 28 U.S.C. § 1915(e)(2). After reviewing Plaintiff's Original Complaint (Doc. 1), the Court concluded that it failed to state a claim upon which relief could be granted but granted Plaintiff an opportunity to amend his Original Complaint. After being granted an extension of time, Plaintiff filed an Amended Complaint. (Doc. 9).

For the reasons explained herein, IT IS RECOMMENDED that:

(1)   Plaintiff's Amended Complaint be DISMISSED without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim.

II.     BACKGROUND & PROCEDURAL HISTORY

In August 2014, Defendant hired Plaintiff as a part-time employee. (Doc. 9, p. 6). The position is identified as "collection," the words "parking enforcement" are written below it but are crossed out. *Id.* On September 9, 2015, Plaintiff was examined at the Emergency Department because he "slipped on oil and fell." (Doc. 9, p. 9). Plaintiff was diagnosed with a left wrist sprain and was advised to wear a splint, rest, ice, elevate and to take Advil for pain. *Id.* At some point thereafter, Plaintiff filed a worker's compensation claim with his employer. (Doc. 9, p. 13). On September 16, 2015, Defendant denied that claim because Plaintiff did not suffer a work-related injury. (Doc. 9, p. 14).

Attached to Plaintiff's Amended Complaint is a review of Plaintiff's job performance by Defendant from December 16, 2015. (Doc. 9, pp. 4-5). Plaintiff's overall performance score was "below expectations." *Id.*

On February 9, 2016, Plaintiff had surgery on his left hand. (Doc. 9, p. 7). It is not clear whether the surgery is related to his September 2015 injury. Plaintiff's physician wrote a "work excuse" note advising Defendant that Plaintiff would be unable to use his hand for at least two weeks. *Id.* On February 22, 2016, Plaintiff's physician assessed that Plaintiff could return to work on February 29, 2016 but could not use his left hand. (Doc. 9, p. 11). On April 11, 2016, Plaintiff's physician assessed that Plaintiff could return to work with no restrictions. (Doc. 9, p. 12).

On February 14, 2016, Plaintiff filed an application for unemployment benefits. (Doc. 9, p. 16). I infer that Plaintiff's employment ended at some point between February 9, 2016 (the date of the surgery) and February 14, 2016 (the date Plaintiff filed for unemployment benefits). Plaintiff alleges that he was terminated.[1] On March 6, 2016, Plaintiff was granted unemployment compensation—which he was eligible for beginning the week of February 20, 2016. *Id.* The discussion section of the decision awarding Plaintiff unemployment compensation states:

> In order to qualify for benefits in situations where the Claimant takes a leave of absence due to health problems, the burden is on the Claimant to show that he informed his Employer of his health limitations. It is then the Employer's responsibility to provide suitable work within the Claimant's work limitations. In this case the Claimant did inform his Employer of his work limitations. However, the Employer did not offer the Claimant alternate work. As such, the Claimant had a necessitous and compelling reason for leaving his job and benefits must be allowed under Section 402(b).

*Id.*

At some point thereafter, Plaintiff obtained counsel, who was representing him in an action filed with the Pennsylvania Human Rights Commission and EEOC. (Doc. 9, p. 3). It is not clear when or how those cases were resolved.

---

[1] In the decision from Unemployment, Plaintiff was granted benefits under Section 402(b). (Doc. 9, p. 16). This Section of the Pennsylvania unemployment statute applies to situations when an individual is entitled to benefits are he voluntarily left or "quit" his employment. 43 P.S. § 802(b).

On January 6, 2020, Plaintiff filed a Complaint. (Doc. 1). Along with his Complaint, Plaintiff filed a Motion requesting leave to proceed *in forma pauperis*. (Doc. 2). Plaintiff's Motion for leave to proceed *in forma* pauperis was granted, and Plaintiff's Original Complaint was screened pursuant to 28 U.S.C. § 1915(e)(2). I construed that Complaint as alleging a claim of retaliation under the Family Medical Leave Act ("FMLA") and concluded that Plaintiff had not alleged enough facts to state a plausible claim because he did not allege that he attempted to seek approval or was approved for FMLA leave to recover from his surgery. Plaintiff was granted leave to amend his complaint.

On June 5, 2020, Plaintiff filed an Amended Complaint. Plaintiff wrote his Amended Complaint on a pre-printed form. In the section of his Amended Complaint where he was asked to state the facts of his case, Plaintiff alleges:

> I Derrick White Sr. Case # 1-20-cv-00021 would like to submit some evidence on the case above will submit evidence. This will show the steps I have taken to defend my case of wrongful termination and discrimination, I say is was all retaliation cause I filed for my medical and unemployment and thay was denied. That's when I representation of any attorney.

(Doc. 9, pp. 1-2) (typographical errors in original). The section asking Plaintiff to identify what statute or statutes he was bringing his claim under was left blank. As relief Plaintiff requests:

> I would like a new investigations with a difference investigatiorl unit. This time call the witnesses, review doctor notes dates and times. If

> there is an investigation, you will see. I was wrongly terminated and yet no one has told me why I was terminate.

(Doc. 9, p. 2) (typographical errors in original).

### III. LEGAL STANDARD FOR SCREENING COMPLAINTS FILED IN FORMA PAUPERIS

This Court has a statutory obligation to conduct a preliminary review of complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has

observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must

contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

IV. ANALYSIS

    A.    It is Not Clear from Plaintiff's Amended Complaint What Claim He is Alleging

Although it is clear that Plaintiff feels like he was wrongfully terminated by his employer when he took time off to recover from hand surgery, it is not clear what federal claim or claims Plaintiff is seeking to bring in his Amended Complaint. As noted above, Plaintiff uses the words "wrongful termination," "discrimination," and "retaliation," but does not identify what federal statute (FMLA, Americans with Disabilities Act, etc.) he is invoking or what claim or claims under these statutes he is attempting to assert (retaliation, interference, discrimination, failure to accommodate, etc.).

Rule 8 of the Federal Rules of Civil Procedure explains that, a Complaint must contain, "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Dismissal under Rule 8 is when a complaint leaves "the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441

F. App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in "'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)); *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012). Thus, Plaintiff's claim should be dismissed under Rule 8 of the Federal Rules of Civil procedure.

Nonetheless, based on the procedural history of the case I construe the Amended Complaint as alleging claims under the FMLA, as he did in his Original Complaint. If Plaintiff is attempting to allege a different type of federal claim, he should raise the issue in his objections to this Report.

> B. PLAINTIFF FAILS TO PLEAD A PLAUSIBLE FMLA CLAIM IN HIS AMENDED COMPLAINT

The FMLA creates two types of claims: (1) retaliation claims, in which an employee alleges that an employer discriminated against the employee because the employee engaged in activity protected by the FMLA; and (2) interference claims, in which the employee alleges that the employer denied or otherwise interfered with the employee's substantive rights under the FMLA.

Although Plaintiff does not need to allege a prima facie case to survive a motion to dismiss, he is required to allege enough facts to raise a reasonable expectation that discovery will uncover proof of unlawful discrimination. *Dreibebis*

*v. County of Berks*, 438 F.Supp.3d 304, 309-310 (E.D. Pa. 2020). I find that Plaintiff has failed to do so.

To plead a plausible FMLA claim, Plaintiff must allege: (1) he engaged in protected activity under the FMLA; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link exists between the protected activity and the adverse employment action. *Space v. Lehigh Health Network, Inc.*, No. 1:18-CV-1606, 2019 WL 1205298, at *5 (M.D. Pa. Mar. 14, 2019) (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997)).

Taking the allegations in his Amended Complaint as true and correct, Plaintiff has alleged that he experienced adverse employment action. He alleges that he was fired.[2] He does not allege when that termination took place, but it occurred within a week of his hand surgery. However, he has not pleaded enough facts to show the first or third elements of the claim. First, Plaintiff did not say whether he engaged in protected activity. For the purposes of this case, an example of protected activity under the FMLA would be (being approved for and) taking FMLA leave or requesting FMLA leave from his employer. Second, Plaintiff did not establish a causal link between the protected activity and adverse employment action, in large

---

[2] As noted above, given the attached document from PA Unemployment it is not entirely clear whether Plaintiff quit or was fired.

part because he did not say he engaged in any activity that the Court could construe as "protected" under the FMLA.

To state a claim for interference under the FMLA, Plaintiff should allege that: (1) he was an eligible employee under the FMLA; (2) Defendant was an employer subject to the FMLA's requirements; (3) he was entitled to FMLA leave; (4) he provided notice to Defendant of his intention to take FMLA leave; and (5) he was denied the benefits to which he was entitled under the FMLA. *Space*, 2019 WL 1205298, at *4. As with his retaliation claim, Plaintiff has not alleged that he ever asked for FMLA leave, was eligible for it, or was entitled to take it.

Absent the allegation that Plaintiff took or attempted to take leave under the FMLA, I am not persuaded that there is a reasonable expectation that further discovery will lead to information that his rights under the FMLA were violated.

C. LEAVE TO AMEND

If a complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). On March 4, 2020, I issued an Order advising Plaintiff that the FMLA claim in his Original Complaint would be dismissed because he didn't say whether he took or attempted to take any FMLA leave. (Doc. 5). In that Order, I gave Plaintiff an opportunity to amend his complaint. *Id.* Plaintiff did file an Amended Complaint,

but he still did not say whether he took or attempted to take FMLA leave. Because Plaintiff has been permitted one opportunity to amend and did not plead a plausible claim, I find that granting Plaintiff further leave to amend would be futile.

V.  RECOMMENDATION

Accordingly, it is RECOMMENDED that:

(1) Plaintiff's Amended Complaint (Doc. 9) be DISMISSED without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim.

(2) The clerk of court should CLOSE this case.

Date: September 18, 2020                    BY THE COURT

                                            *s/William I. Arbuckle*
                                            William I. Arbuckle
                                            U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK WHITE SR., | ) | CIVIL ACTION NO. 1:20-CV-21 |
| Plaintiff | ) | |
| | ) | (WILSON, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| SP PLUS CORP., | ) | |
| Defendant | ) | |

NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: September 18, 2020              BY THE COURT

                                      *s/William I. Arbuckle*
                                      William I. Arbuckle
                                      U.S. Magistrate Judge